IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 19-cv-294-WJM-KMT

CATHERINE RAMIREZ,

    Plaintiff,

v.

HOTEL EQUITIES GROUP, LLC,
JACKSON CREEK HOTEL HOLDINGS, LLLP,

    Defendants.

## ORDER GRANTING DEFENDANTS' PARTIAL MOTION TO DISMISS

This matter is before the Court on Defendants' Hotel Equities Group, LLC ("Hotel Equities") and Jackson Creek Hotel Holdings, LLLP ("Jackson Creek") Amended Partial Motion to Dismiss Plaintiff Catherine Ramirez's Sixth, Seventh, and Eighth Claims for Relief (ECF No. 28). For the reasons that follow, the Motion is GRANTED.

### I. BACKGROUND

Plaintiff, a former employee of Defendants at Fairfield Inn & Suites, Colorado Springs North (ECF No. 1 at 3), filed a Complaint in this Court on February 1, 2019. (ECF No. 1.) Plaintiff alleges that she was unlawfully terminated by Defendants, and brings numerous state and federal claims against them. (ECF No. 1 at 13–29.) Defendants on April 22, 2019 filed an Amended Partial Motion to Dismiss Plaintiff's Sixth, Seventh, and Eighth Claims for Relief pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 28.) At issue in the Motion are Plaintiff's claims under Colorado law for breach of contract and promissory estoppel (Claims 6 & 7), and wrongful termination in violation

of public policy (Claim 8).

Claims 6 and 7 depend on language in Defendant Hotel Equities' Associate Handbook ("the Handbook"). Plaintiff with her Complaint submitted a copy of the Handbook (ECF No. 1–3) to the Court.

The Handbook provides for, among other things, a "POSITIVE DISCIPLINE PROCEDURE" by which an employee may be terminated if she is the subject of "TWO (2) documented verbal/written warnings and a THIRD (3rd) incident or situation occurs within a twelve (12)-month period which either violates policy or rules or indicates inappropriate behavior or poor judgment." (ECF No. 1–3 at 13.) Plaintiff argues that these procedures were legally binding on Defendants, and alleges that in terminating her, they failed to follow them. (ECF No. 1 at 22–29.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a cause of action for "failure to state a claim upon which relief can be granted." The 12(b)(6) standard requires the Court to "assume the truth of the plaintiff's well-pleaded factual allegations and view them in the light most favorable to the plaintiff." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). In ruling on such a motion, the dispositive inquiry is "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court may consider a document outside the pleadings, even in a Rule 12(b)(6) analysis, if the document is (1) "mentioned in the complaint," (2) "central to [the] claims [at issue]," and (3) not challenged as inauthentic.

2

*Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013).

## III.  ANALYSIS

A.    Claims 6 & 7 – Breach of Contract & Promissory Estoppel

In Colorado, employees hired for indefinite periods are presumptively terminable at will.  *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo. 1987) (en banc). Termination procedures in an employee handbook may nevertheless be binding on an employer under ordinary contract principles or a theory of promissory estoppel. *Id.*  (internal citations omitted).

Even so, dismissal "based on a handbook is appropriate if the employer has clearly and conspicuously disclaimed intent to enter a contract limiting the right to discharge employees." *Ferrera v. Nielsen*, 799 P.2d 458, 461 (Colo. App. 1990) (citing *Therrien v. United Air Lines, Inc.*, 670 F. Supp. 1517 (D. Colo. 1987)).  "Whether a contract disclaimer is clear and conspicuous is a question of law for the court." *Id.* (citing *Durtsche v. Am. Colloid Co.*, 958 F.2d 1007, 1010 (10th Cir. 1992)). Defendants, arguing that the Handbook contains such a disclaimer, point to two of its provisions:

> **I. INTRODUCTION**
>
> **This handbook is designed to provide basic information on certain policies and procedures in place at Hotel Equities Group LLC.  The policies contained in this handbook are intended as <u>guidelines only</u> and are subject to change or elimination at the sole discretion of Hotel Equities Group, LLC, depending on the policy. <u>This handbook should not be construed as, and does not constitute, a contract, express or implied, or a guarantee of employment for any specific duration.</u>**
> . . .
> **II. EMPLOYMENT POLICIES**

> A. **TERMS AND CONDITIONS OF EMPLOYMENT**
> Employment with Hotel Equities is employment at-will. Employment at-will may be terminated, with or without cause and with or without notice, at any time by the associate or the Company. Nothing in this Handbook or in any document or statement shall limit the right to terminate employment at-will.

(ECF No. 1–3 at 6, 8.) (emphases in original).

The Court concludes that these provisions preclude Claims 6 and 7 as a matter of law. The first paragraph of the Introduction to the Handbook, excerpted above, unequivocally states that the policies and procedures that follow should not be construed as contractually binding. That paragraph is likely one of the first provisions of the Handbook one would read upon opening it, being preceded only by a table of contents and a welcome letter from the CEO of Jackson Creek. In bold typeface and underlined, it is a clear and conspicuous disclaimer of any intent on the part of Defendants to be bound by the policies outlined in the Handbook. *Cf. Evenson*, 879 P.2d at 409. With respect to termination procedures in particular, the portion of the Employment Policies section excerpted above reinforces that disclaimer.

For these reasons, Defendants' Motion as to Claims 6 and 7 is granted, and Claims 6 and 7 will be dismissed with prejudice.

**B.     Claim 8 – Wrongful Termination**

In Claim 8, Plaintiff alleges that her termination falls within the public policy exception to the at-will doctrine. *See Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 109 (Colo. 1992). Plaintiff's Complaint, however, fails to allege that Defendants directed her to do something that was either illegal or that "would undermine a clearly expressed public policy relating to the employee's basic responsibility as a citizen or the

4

employee's right or privilege as a worker," *id.*, that she failed to comply, and that she was fired as a result. (ECF No. 1.)

The Court is unable, however, to state with any degree of certainty that Plaintiff would be unable in an amended complaint to assert facts which plausibly allege a viable claim of wrongful termination in violation of public policy. For this reason, Defendants' Motion as to Claim 8 is granted, but Claim 8 will be dismissed without prejudice.

## IV. CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

1. Defendants' Partial Motion to Dismiss Plaintiff's Sixth, Seventh, and Eighth Claims for Relief is GRANTED;

2. Plaintiff's Claims 6 and 7 are DISMISSED WITH PREJUDICE, and Claim 8 is DISMISSED WITHOUT PREJUDICE.

Dated this 13th day of November, 2019.

BY THE COURT:

William J. Martinez
United States District Judge